**REMAND/MADE JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1297-GW(SPx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | *Paul A. Medina, et al. v. BNC Mortgage, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER RE SUPPLEMENTAL BRIEFING IN RESPONSE TO ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

On September 19, 2012, defendants U.S. National Bank Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2006-BC5, Wells Fargo Bank, N.A. ("Wells Fargo"), and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") filed a brief in response to this Court's September 17, 2012, Order to Show Cause Re Subject Matter Jurisdiction ("OSC"). *See* Docket No. 19. Plaintiffs Paul and Nina Medina ("Plaintiffs") responded on September 24, 2012. *See* Docket No. 21. In their brief, Defendants directed the Court to three recent federal appellate decisions that they assert support the conclusion that Wells Fargo is only a citizen of South Dakota and that this Court therefore has diversity jurisdiction over this action. While it is true that those decisions might *support* that conclusion, they do not *resolve* the issue the Court identified in its OSC.

The first two cited decisions, *Abulkhair v. Citibank and Associates*, 434 Fed. Appx., 2011 U.S. App. LEXIS 13235 (3d Cir. June 28, 2011), and *Hargrow v. Wells Fargo Bank, N.A.*, 2012 U.S. App. LEXIS 13638 (6th Cir. July 3, 2012), are non-precedential even within their own Circuits. *Abulkhair*, while indicating that the presence of a bank's offices within a particular state does not amount to citizenship within that state, see 434 Fed. Appx. at 60, 2011 U.S. App. LEXIS 13235, *4-5 n.2, neither addresses whether nor holds that a national banking association's principal place of business within a state (as opposed to the mere location of offices therein) does not render it a citizen of that particular state. *Hargrow*, while observing that Wells Fargo is indeed a citizen of South Dakota, *see* 2012 U.S. App. LEXIS 13638, *4, makes no mention of any party arguing that Wells Fargo could be a citizen of still another state by virtue of having its principal place of business there. The third decision, *McKenna v. Wells Fargo Bank, N.A.*, 2012 U.S. App. LEXIS 17694 (1st Cir. 2012), while precedential, suffers

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1297-GW(SPx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | *Paul A. Medina, et al. v. BNC Mortgage, Inc., et al.* | | |

from the same limitations as *Hargrow* – it did not resolve an actual argument that Wells Fargo's principal place of business could *also* serve to indicate its citizenship. *See id.* at *7. Indeed, insofar as the plaintiff in that action was a Massachusetts citizen and the Court is not aware of any suggestion that Wells Fargo's principal place of business is located in that state, there would seemingly be no reason for the First Circuit to address whether or not Wells Fargo was also a citizen of the state in which it had its principal place of business.

      The Court remains of the view that principal-place-of-business analysis remains applicable to Wells Fargo, at least until the issue is decided otherwise. Insofar as the issue is before the Ninth Circuit on appeal from the decision in *Rouse v. Wachovia Mortgage, FSB*, No. EDCV 11-00928 DMG (DTBx), 2012 U.S. Dist. LEXIS 6962 (C.D. Cal. Jan. 13, 2012), Wells Fargo and the Court will have an answer in the somewhat-near future. Because the Court concludes Wells Fargo is a citizen of California in addition to South Dakota, complete diversity is absent. The matter is therefore remanded to Riverside County Superior Court.

:

Initials of Preparer   JG